UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESSEX INSURANCE COMPANY,

    Plaintiff,

Case No. 6:10-cv-1138-Orl-28-KRS

v.

CHRIS PEAKE WELDING & FAB, INC.,
THE BORDEAUX CONDOMINIUM
ASSOCIATION, INC, and
SUMMIT CONTRACTORS, INC.,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff, ESSEX INSURANCE COMPANY ("ESSEX"), by and through its undersigned counsel, files its Complaint for Declaratory Relief and Damages against Defendants CHRIS PEAKE WELDING & FAB, INC. ("CPW"), THE BORDEAUX CONDOMINIUM ASSOCIATION, INC. ("ASSOCIATION"), and SUMMIT CONTRACTORS, INC. ("SUMMIT"), and states as follows:

### Jurisdiction and Parties

1.    This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201 and damages.

2. ESSEX is a foreign eligible surplus lines insurance company duly providing insurance in the state of Florida, with its principal place of business outside the state of Florida.

3. At all times material to this action, ESSEX was authorized to do business in, and was doing business in, Orange County, Florida.

4. At all times material to this action, ASSOCIATION was a Florida nonprofit condominium association located in Orange County, Florida.

5. At all times material to this action, CPW and SUMMIT were Florida business corporations doing business in Orange County, Florida.

6. This civil action is between a foreign insurer and corporate residents of Florida and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, attorney fees and costs. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2).

7. A substantial part of the events or omissions giving rise to the claims described herein occurred in this District and the property that gave rise to this action is situated in this District so that venue in this District is proper based on 28 U.S.C. § 1391(a).

## Background

8. On or about February 19, 2010, ASSOCIATION filed its Second Amended Complaint in its lawsuit pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No.: 09-CA-27435, Division 43/Business Litigation

styled *The Bordeaux Condominium Association, a Florida nonprofit corporation, Plaintiff vs. Summit Contractors, Inc., a Florida corporation, Lake Lotta Apartments, LLC, a Florida Limited Liability company, Tarragon Corporation, a Nevada corporation, and Tarragon South Development Corp., a Nevada corporation, Defendants.* A copy of the ASSOCIATION's Second Amended Complaint is attached hereto as Exhibit "A".

9.  ASSOCIATION seeks "damages arising from negligent construction and sale of the individual dwelling units and common areas of the Bordeaux Condominium Complex Community caused by the Defendants responsible for the design, development, and construction of the community." *Second Amended Complaint* at ¶1.

10. Among the specific allegations are the allegations of ¶44a which state: "The lag bolts securing the bottom rails of the balcony railings are not properly driven or sealed. This condition allows water to enter through penetration of the lag bolt and damages the building framed areas and interiors."

11. No other allegations that would apply to the work done by CPW are contained in the Second Amended Complaint.

12. On or about March 18, 2010, SUMMIT, a defendant in ASSOCIATION'S action and the general contractor on the Vintage at Lake Lotta Apartment Project (n/k/a The Bordeaux Condominium Complex) filed a Third Party Complaint in the same action against several subcontractors, including CPW, styled *Summit Contractors, Inc., a Florida corporation, Third Party Plaintiff, vs. Empire Stucco, Inc., Alan Fox, an individual d/b/a Alan Fox Windows, First Choice Supply, Inc., Geroco Plumbing Contracting*

*Corp., Steidle Bros. Construction, Inc., Regal Custom Painting, Inc., Hofer Builders, Inc., Chris Peake Welding & Fab., Inc., Ridenhour Concrete & Supply, Inc., Remco Site Development, Inc., Miller, Miller & Mac-Florida, Inc., Big D Building Centers, Inc. and General Aluminum Windows, Third Party Defendants.* A copy of the Third Party Complaint is attached hereto as Exhibit "B". The Second Amending Complaint filed by ASSOCIATION and the Third Party Complaint filed by SUMMIT are referred to jointly as the "Underlying Suit."

13. In its Third Party Complaint, SUMMIT alleges entitlement to indemnity and contribution, as well as alleging Breach of Contract against CPW, for any damages for which SUMMIT is found liable "with regard to [CPW's] scope of work, as a direct and proximate result of [CPW's] breach of contract." *Third Party Complaint* at ¶174. SUMMIT further alleges that it entered into a subcontract agreement with CPW on or about January 10, 2001.

14. The allegations of the Third Party Complaint incorporate the allegations of the Second Amended Complaint by reference and the Second Amended Complaint is Exhibit "A" to the Third Party Complaint. Therefore the only claims alleged against CPW are those alleged in the Second Amended Complaint.

### Insurance Coverage Controversy

15. ESSEX issued policy number 2AF7578 to CPW for the period October 6, 2000 to October 6, 2001. The Commercial General Liability Coverage part has limits of $100,000 each occurrence, $200,000 general aggregate and $100,000 products

4

completed operations aggregate ("POLICY"). ESSEX issued subsequent policies to CPW which did not provide general liability coverage. A copy of ESSEX policy 2AF7578 is attached hereto as Exhibit "C".

16. No duty to defend or duty to indemnify is provided to CPW for any claims alleged in the Underlying Suit under the terms of the POLICY. The POLICY states:

**CLASSIFICATION LIMITATION ENDORSEMENT** (M/E 030 (4/99))

The coverage provided by this policy applies only to those operations specified in the application for insurance on file with the company and described under the "description" or "classification" on the declarations of the policy.

17. The "description" contained in the policy states:

Business Description:   Mobile welding-Stair Railing 2 Stories or Less, Stairwells, **No Balconies**

18. The allegations directed to CPW's scope of work in the Second Amended Complaint, as incorporated into the Third Party Complaint, fall outside the covered operations identified in the "Business Description" since the allegations specifically relate only to balconies. Therefore ESSEX has no duty to defend or indemnify CPW.

19. Additionally, the Business Description also limits coverage to "Mobile Welding-Stair Railing 2 Stories or Less." Six buildings are three-story buildings, and therefore coverage is also precluded for any damages arising out of CPW's work on the three-story buildings.

20. Coverage under the POLICY is also excluded by virtue of Exclusion (l) which provides that the insurance does not apply to:

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

5

> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

21. The POLICY defines the "products-completed operations hazard" as follows:

> "Products-completed operations hazard":
>
> a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
>   (1) Products that are still in your physical possession; or
>
>   (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
>     (a) When all of the work called for in your contract has been completed.
>     ***
>
> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

22. CPW completed its work on or before August 20, 2001 as that is the date of the submission of the final payment application (submitted after CPW's work was completed). Therefore, exclusion (l) will apply to preclude coverage for any damage to CPW's work itself (i.e., the replacement of the lag bolts and/or railings), were coverage otherwise available.

## Action for Damages

23. Notwithstanding the lack of any duty of ESSEX to defend CPW in the Underlying Suit, nonetheless ESSEX has been providing a defense to CPW with respect to the Third Party claim pursuant to a complete reservation of rights. A copy of the letter from ESSEX to CPW reserving these rights is attached hereto as Exhibit "D".

24. As stated in the reservation of rights, ESSEX specifically reserved the right to reimbursement of its expenditures for defense costs should it later be determined that ESSEX had no duty to defend.

25. ESSEX has incurred costs defending the claim against CPW and will continue to incur those costs until ESSEX's duty to defend is determined in this proceeding.

26. Upon that determination, ESSEX will be entitled to judgment awarding ESSEX the costs it has incurred in the defense of CPW.

## Conclusion

23. An actual controversy exists between ESSEX, CPW, ASSOCIATION and SUMMIT as to whether CPW is entitled to either a defense or indemnity under the POLICY, whether SUMMIT is entitled to any POLICY proceeds as indemnity, and as to whether ASSOCIATION is entitled to any POLICY proceeds from SUMMIT.

24. The parties require an immediate resolution of their rights and obligations by the Court with respect to coverage under the POLICY for any claims arising in the Second Amended Complaint or the Third Party Complaint.

25. Further, if it is determined that ESSEX had no duty to defend CPW, ESSEX is entitled to judgment for its costs in the defense of CPW with respect to the Third Party Complaint.

WHEREFORE, ESSEX respectfully requests that the Court adjudicate the rights, responsibilities and liabilities of the parties, award damages, and enter judgment:

1. Declaring that the insurance policy issued by ESSEX provides no duty to defend CPW with respect to the Underlying Suit;

2. Declaring that the insurance policy issued by ESSEX provides no duty to indemnify CPW with respect to the Underlying Suit;

3. Awarding ESSEX all costs it has incurred in the defense of CPW with respect to the Underlying Suit;

4. Awarding ESSEX its costs and such further relief as the Court may deem just and proper.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

REBECCA APPELBAUM, ESQ.
Florida Bar No.: 179043
rappelbaum@butlerpappas.com
R. STEVEN RAWLS, ESQ.
Florida Bar No.: 938254
rrawls@butlerpappas.com
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Plaintiffs